UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **ESTATE OF ROBERT THOMAS SEQUINTS,** by and through its personal representative, **XAVIER T. SEQUINTS; S.S., D.S., and J.S.**, minor children, by and through their guardian **BRENT SEQUINTS, SR.;** and **BRENT SEQUINTS, SR.**,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>**MIGUEL RIVERA, JR.**, in his individual capacity; **IDAHO STATE POLICE**, an Administrative Agency of the State of Idaho, and **JOHN/JANE DOES 1-10**, other law enforcement officers whose true names are unknown, in their individual capacities,<br><br>　　　　Defendant. | Case No.<br><br>**JOINT DISCOVERY PLAN** |

The parties stipulate to the following joint discovery plan:

# I. Preservation

　　a. **Preservation & Proportionality:** The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

　　b. **Electronically Stored Information (ESI):** With regard to ESI, the parties agree that:

　　　　i. **Scope of Preservation:** The parties agree to:

1. Preserve the Following Types of ESI

    a. All records, including video and audio recordings and communications of any kind, regarding police response to and interactions with Robert Thomas Sequints on June 23, 2022, and Mr. Sequints's death on or about that date

    b. Disciplinary and training records regarding each defendant

    c. All records in control of the Idaho State Police or any defendant regarding the scope of discovery set out in Section III.a below.

2. From the Following Custodians or Job Titles:

    a. Plaintiff

    b. All defendants

    c. Idaho State Police

3. From the Following Systems, Servers, or Databases

    a. Each defendant's employer-issued devices

    b. Each defendant's personal devices

    c. Idaho State Police systems, servers, and databases

ii. **ESI Retention Protocols:**  Going forward, the parties agree to modify the document and ESI retention/destruction protocols of the Idaho State Police as to this case, in that Defendants' counsel shall

ensure Defendants and the Idaho State Police take all appropriate measures, including but not limited to issuing litigation holds, to preserve all records within the scope of preservation set out above and the scope of discovery set out in Section III.a below.

## II. Initial Disclosures

a. The parties agree that initial disclosures will be provided on September 13, 2024.

## III. Scope of Discovery

a. **Scope:**  Discovery is necessary on the following subjects/issues:

- For Plaintiff:

    1. The June 23, 2022, incident on Interstate 15 where Robert Thomas Sequints was killed.
    2. Policies, training, and other guidance and instruction regarding police response to such an incident, including use of force such as tasers.
    3. Police response, by defendants and the Idaho State Police, of similar incidents.
    4. Investigations, reports, and other reviews of this incidence by anyone, including ISP and other law enforcement or government entities.
    5. Each defendant and their training and disciplinary history.

- For Defense:

    6. Plaintiffs' Decedent's Criminal History

    7. Plaintiffs' Decedent's Mental Health and Medical History for five years preceding death

## IV. Discovery Boundaries

a. **Limits:** The parties agree to limit the number of discovery tools as follows:

☒ Depositions:   For Plaintiff: 15

For Defendant: 15

☒ Interrogatories:   25

## V. ESI

a. **ESI File Format:** The parties agree to produce documents in the following file format[s] *[check any that apply]*:

X PDF;

☐ TIFF;

X Native; and/or

☐ Paper.

b. **ESI Production Format:** The parties agree that documents will be produced *[check any that apply]*:

X with logical document breaks;

X as searchable;

    ☐ with load fields enabling review in common litigation databases such as Summation and Concordance;

    ☒ with metadata, and, if so, in the following fields: _____.

 c. **ESI Search Methodology**:  The parties have agreed to use the following search methodology:

    ☐ Predictive coding (or technology assisted review);

    ☒ Keyword search (as and when agreed as to particular requests);

    ☐ Other: _____.

 d. **Liaison:**  Defendants will identify a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about) Idaho State Police ESI.  This includes the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the Liaison, as needed, to confer about ESI and to help resolve disputes without court intervention.

## VI. Deadlines

 a. The deadline for the completion of fact discovery is: **April 11, 2025**.

 b. The deadline for completion of expert witness discovery is: **May 2, 2025**.

## VII. Documents Protected From Discovery

 a. **Clawback:**  Pursuant to Fed. R. Evid. 502(d), the parties request the Court to enter an Order that production of a privileged or work-product-protected

document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

b. **Post-Complaint Communications:** Communications exclusively between trial counsel and that attorney's client(s) that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

DATED: August 19, 2024

| **Wrest Collective** | **Michael Kane & Associates, PLLC** |
|---|---|
| /s/ David A. DeRoin<br>David A. DeRoin | /s/ Michael J. Kane<br>Michael J. Kane |
| /s/ Richard Eppink<br>Richard Eppink | |
| /s/ Casey Parsons<br>Casey Parsons | |
| *Attorneys for Plaintiff* | *Attorneys for Idaho State Defendants* |