UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ESTATE OF ROBERT THOMAS SEQUINTS, by and through its personal representative, XAVIER T. SEQUINTS; S.S., D.S., and J.S., minor children, by and through their guardian BRENT SEQUINTS, SR.; and BRENT SEQUINTS, SR., | Case No. 4:24-cv-00271-CWD **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | |
| MIGUEL RIVERA, JR., in his individual capacity; IDAHO STATE POLICE, an Administrative Agency of the State of Idaho; STEVEN DAVIS and MATT SMITH, in their individual capacities; and JOHN/JANE DOES 1-10, other law enforcement officers whose true names are unknown, in their individual capacities, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is Defendants' motion for partial judgment on the pleadings. (Dkt. 11.) The motion is fully briefed and ripe for the Court's consideration. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and

**MEMORANDUM DECISION AND ORDER - 1**

because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before the Court. Dist. Idaho L. Rule 7.1(d).[1]

## BACKGROUND

This matter arises from the death of Robert Thomas Sequints, who died following contact with Idaho State Trooper Miguel Rivera, Jr. Rivera was called to Robert's location by 911 dispatchers, who had received calls from concerned drivers about a man stepping in front of cars on the interstate. Upon arriving at Robert's reported location, Rivera allegedly deployed his taser on Robert while Robert was standing in the middle of the roadway. Robert, incapacitated from the taser, was unable to move from the roadway or comply with Rivera's instructions to step out of the road. Robert was struck by a car, and killed.

Plaintiffs are Xavier T. Sequints, the administrator of the Estate of Robert Sequints; Brent Sequints, Sr., the guardian of Robert's surviving minor children, S.S., D.S., and J.S.; and Brent Sequints, Sr., the natural father of Robert Sequints. Compl. ¶¶ 2 – 8. (Dkt. 1.) Defendants are Miguel Rivera, Jr.; the Idaho State Police, an administrative agency of the state of Idaho; Steven Davis, the Idaho State Police Eastern Command Major; and Matt Smith, the Idaho State Police HQ Patrol Captain. Compl. ¶¶ 10 – 12. (Dkt. 1.)

---

[1] All parties have consented to the jurisdiction of a magistrate judge to conduct all proceedings in this case. 28 U.S.C. § 636; Fed. R. Civ. P. 73. (Dkt. 15.)

**MEMORANDUM DECISION AND ORDER  - 2**

Count One of the Complaint is a claim for excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, asserted against Rivera, Davis, and Smith. Plaintiffs allege Rivera utilized excessive force, while Davis and Smith, "on information and belief, disregarded the known or obvious consequences that deficiencies and omissions in defendant Rivera's training would cause Rivera to violate Robert's rights, and those deficiencies and omissions actually caused Rivera to violate Robert's constitutional rights." Compl. ¶¶ 91 – 96. Plaintiffs claim that Robert, Robert's Estate, Robert's minor children, and Brent Sequints, Sr., suffered damages. Compl. ¶¶ 97, 98, 99, 100.

Count Two, asserted against Defendant Idaho State Police, is a claim for wrongful death/negligent supervising and training, brought pursuant to Idaho state statutory and common law. Compl. ¶¶ 102 – 109. Plaintiffs allege the Idaho State Police failed to adequately train and instruct Rivera.

Defendants assert that Count Two must be dismissed due to Eleventh Amendment immunity, which bars federal court actions against state agencies or instrumentalities. Next, Defendants claim Davis and Smith, as individuals, should be dismissed from this lawsuit because there are no allegations they were present at the scene; they were chosen as placeholders by virtue of their rank; and a claim for insufficient training or supervision is improperly brought, because such a claim is subsumed within the claim of excessive

**MEMORANDUM DECISION AND ORDER  - 3**

force. Finally, Defendants assert that Brent Sequints, Sr.'s claim as guardian is identical to that of the Estate, and one or the other Plaintiff must be dismissed.[2]

In response, Plaintiffs concede Count Two is subject to dismissal pursuant to the Eleventh Amendment. Response at 3 – 4. (Dkt. 16.) Accordingly, the Court will dismiss Count Two.

As for Defendants Davis and Smith, Plaintiffs contend they meet the pleading standard of Rule 8; supervisors may be held liable for action or inaction in the training of a subordinate; and, alternatively, if they are subject to dismissal that Plaintiffs should be allowed leave to amend. Plaintiffs did not respond to Defendants' argument concerning dismissal of either the Estate or Brent Sequints, Sr.'s claim as guardian on behalf of the minor children.

## LEGAL STANDARD

Defendants bring this motion under Federal Rule of Civil Procedure 12(c), which states: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a motion to dismiss brought under Rule 12(b)(6). *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the

---

[2] Defendants also argued that Brent Sequints, Sr. cannot proceed as a plaintiff in his individual capacity as an heir when the decedent's children are also proceeding as plaintiffs. Mem. at 8. (Dkt. 11-1.) However, Plaintiffs correctly point out that Idaho Code § 5-311 allows a parent to bring a Section 1983 claim in conjunction with the decedent's children. Response at 3. (Dkt. 16.) *Greenup v. Morris*, No. 4:19-cv-00243-DCN, 2021 WL 5405273, at *3 n.4 (D. Idaho Nov. 18, 2021). In the reply, Defendants concede that Brent Sequints, Sr. is a proper plaintiff as to his own cause of action as an heir. Reply at 2. (Dkt. 17.)

moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co*., 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id*. "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Id*.

While Rule 12(c) does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure, and it is common to apply Rule 12(c) to individual claims within a multi-count complaint. *See Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005); *see generally* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial ¶ 9:340.

As with motions to dismiss, if a court grants a motion for judgment on the pleadings, leave to amend should be granted, unless "the Court is satisfied that an amendment could not cure the deficiency." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).[3]

## DISCUSSION

### 1.    Defendants Davis and Smith

"A defendant may be held liable as a supervisor under § 1983 'if there exists…a sufficient causal connection between the supervisor's wrongful conduct and the

---

[3] The Court entered a scheduling order on August 21, 2024. (Dkt. 13.) Motions to amend pleadings and join parties must be filed by March 21, 2025, and fact discovery must be completed by May 23, 2025.

constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting

*Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal

connection by alleging a defendant: (1) set in motion a series of acts by others that

violated the Constitution, or knowingly refused to terminate a series of such acts, which

the supervisor "knew or reasonably should have known would cause others to inflict a

constitutional injury;" (2) knowingly failed to act or acted improperly "in the training,

supervision, or control of his subordinates;" (3) acquiesced in the constitutional

deprivation; or, (4) engaged in conduct showing "a reckless or callous indifference to the

rights of others." *Id*. at 1205-09 (internal quotation marks omitted). *See also Blackhawk*

*v. City of Chubbuck*, 488 F. Supp. 2d 1097, 1105 (D. Idaho 2006).

A claim that a supervisor or training official failed to adequately train subordinates

ordinarily requires that, "in light of the duties assigned to specific officers or

employees[,] the need for more or different training [was] so obvious, and the inadequacy

so likely to result in the violation of constitutional rights, that the [supervisor or training

official] can reasonably be said to have been deliberately indifferent to the need." *City of*

*Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim,

a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate

indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to

deliberate indifference" that supports a Section 1983 claim, but there generally must be a

pattern of violations sufficient to render the need for further supervision obvious.

*Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks

omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

Plaintiffs allege, in a conclusory fashion, that Davis and Smith, by virtue of their rank, failed to adequately train Rivera. But it is not clear from the Complaint that either Davis or Smith were actually responsible for training Rivera. The Complaint fails to contain any allegations that Davis and Smith set in motion a series of acts by others that they knew or reasonably should have known would cause the alleged constitutional violation in this case. *Blackhawk*, 488 F. Supp. 2nd at 1106. There are no allegations in the Complaint which set forth that Rivera or other officers were not reasonably and properly instructed regarding how to respond to calls such as the one Rivera received, or when to deploy a taser.

Nor have Plaintiffs alleged that any actual training received created a widespread practice or caused repeated constitutional violations that errant officers were not disciplined for. Plaintiffs have not alleged a "pattern of violations" sufficient to state a plausible claim against Davis or Smith. *Connick v. Thompson*, 563 U.S. 51, 72 (2011). Finally, Plaintiffs fail to allege that either Davis or Smith enacted a policy, custom or practice of excessive force as required by *Monell*. *Stakey v. O'Brien*, No. 1:22-CV-

00513-DCN, 2023 WL 3231097, at *3 (D. Idaho May 3, 2023). The mere fact that force was used does not equate to a claim of supervisory liability.

A plaintiff cannot simply restate the above standards of law in a complaint. *Stakey*, 2023 WL 3231097, at *3. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiffs' injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court therefore finds Plaintiffs have failed to state a claim against either Davis or Smith in their capacity as supervisors. Dismissal is appropriate where there is a failure to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). The Court will, however, allow Plaintiffs an opportunity to amend.

**2.      Plaintiffs Brent Sequints, Sr. as Guardian and the Estate of Robert Sequints**

The purposes underlying Section 1983 actions are "compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014); *Robertson v. Wegmann*, 436 U.S. 584, 591 (1978). The more recent decisions in this District have consistently concluded that Idaho's rule of abatement conflicts with Section 1983's purposes and, therefore, survivors may bring a Section 1983 claim where a constitutional violation results in death of the claimant. *Blankenship v. McDevitt*, No. 2:14-cv-00281-EJL-REB, 2015 WL 4944395, at *4 (D. Idaho Aug. 19, 2015) (citing *Van Orden v. Caribou County*, No. 4:10–cv–385–BLW, 2011 WL 841438, at *2–4 (D. Idaho Mar. 4, 2011); *Van Orden v. Caribou County*, No. 4:10–cv–00385–BLW, 2014 WL

5178095 (D. Idaho Oct. 13, 2014); and *Cusack v. Idaho Dept. of Corrections*, No. 1:11–cv–00303–REB, 2012 WL 506008 (D. Idaho Feb. 15, 2012)).

According to the above authorities, Xavier T. Sequints, as the administrator of the Estate of Robert Sequints, may pursue a Section 1983 action on behalf of Robert, asserting that Robert's death resulted from excessive force by Rivera, in violation of the Fourth Amendment. Paragraph 97 of the Complaint relates solely to Robert's Fourth Amendment rights, alleging that Robert suffered harm and damages, including loss of life, as a direct and proximate result of Rivera's acts and deliberate indifference to his rights. Xavier, as the administrator of the estate, may therefore proceed on behalf of Robert. *Van Orden*, 2011 WL 841438 at *4. None of the other named Plaintiffs, however, may assert a Fourth Amendment claim on Robert's behalf. *Scissons v. United States*, No. CV-03-0531-S-EJL, 2006 WL 3147712, at *3 (D. Idaho Nov. 1, 2006).

Children and parents of a person killed by a law enforcement officer may assert a Fourteenth Amendment claim based on the related deprivation of their liberty interests arising out of their relationship with the decedent. *See Moreland v. Las Vegas Metropolitan Police Dep't.*, 159 F.3d 365371 (9th Cir. 1998). Such a claim for loss of society raises a different constitutional claim than the direct Fourth Amendment claim. *Curnow By & Through Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991). Accordingly, Robert's children and father may bring their own due process claims. Paragraphs 99 and 100 of the Complaint sufficiently set forth the children's and Brent's individual claims.

Defendants are correct that Robert's Estate may not maintain any claim apart from the Fourth Amendment claim asserted on Robert's behalf. Accordingly, paragraph 98 of the Complaint, which alleges that Robert's Estate has suffered harm and damages as a direct and proximate result of Rivera's acts and omissions, does not set forth a separate claim for relief, and should not appear in the amended complaint.

## CONCLUSION

Pursuant to the above authorities, Defendants' motion will be granted. Count Two of the Complaint, asserted against the Idaho State Police, will be dismissed. The claims asserted against Defendants Davis and Smith will also be dismissed. However, the Court will allow Plaintiffs an opportunity to amend the Section 1983 claim for supervisory liability. And last, the Fourteenth Amendment claim of the Estate of Robert Sequints will be dismissed. The Estate may assert a Fourth Amendment claim on behalf of Robert, while Brent Sequints, Sr., as Guardian of the minor children, may assert the children's Fourteenth Amendment claims.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)    Defendants' Motion for Partial Judgment on the Pleadings (Dkt. 11) is

**GRANTED**.

2)    Count Two of the Complaint is **DISMISSED** for lack of jurisdiction.

3)    Plaintiffs have up through March 21, 2025, within which to file an amended

complaint in conformity with the Court's order.

Dated: **January 13, 2025**

Candy W. Dale
United States Magistrate Judge